UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Larry Sullivan,                                               Case No. 4:20-cv-02375

           Petitioner

v.                                                           MEMORANDUM OPINION
                                                                           AND ORDER

Mark Williams, Warden,

           Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Larry Sullivan, a federal inmate incarcerated at FCI Elkton ("Elkton"), filed an Emergency Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He contends that the Respondent cannot provide him with adequate protection from COVID-19. He also complains he and other inmates are subjected to unsanitary conditions of confinement, like black mold, which compound his risk of infection. He claims these conditions violate his Eighth Amendment rights. He seeks immediate release to home confinement.

Promptly after the filing of a Habeas Corpus Petition, a federal district court must undertake a preliminary review of the Petition to determine "[i]f it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the Petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" Habeas Corpus Petitions that lack of merit on their face). No response is necessary when a Petition is frivolous, obviously lacks merit, or

where the necessary facts can be determined from the Petition itself without consideration of a response. *Id.* Upon review, I find the instant Petition must be dismissed.

As an initial matter, Petitioner failed to state a claim under the Eighth Amendment. Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order to make out a claim, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). He must show that he was subjected to an objectively serious prison condition as to which a Defendant prison official acted with subjective "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

In *Wilson*, the Sixth Circuit examined the conditions at Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *Wilson*, 961 F.3d at 844. The Sixth Circuit held that the Bureau of Prisons "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840.

The court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough"—as Petitioner seeks here—for prisoners at Elkton, including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844. The court also found that the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate

concerns about public safety" regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they could do so. *Id.* at 845.

In light of the Sixth Circuit's decision in *Wilson*, this Petition, insofar as it asserts the same COVID-19 claim on similar allegations, lacks merit on its face. Because the Sixth Circuit has already considered an essential part of Petitioner's claim in a case against the same Respondent named here—based on the same facts alleged in this Petition—and published an opinion holding that Respondent would likely prevail, the instant Petition does not allege a colorable claim of deliberate indifference under the Eighth Amendment.

Furthermore, Petitioner alleges he suffers from a number of serious medical conditions making him more vulnerable to suffering serious effects of the disease should he contract COVID-19. To the extent that his conditions place him on the BOP's list of medically vulnerable inmates at Elkton, he is a member of the class of prisoners in the *Wilson* case. This action would be duplicative of that action.

Finally, Petitioner's claims pertaining to black mold and other unsanitary conditions at Elkton must be dismissed. As an initial matter, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241 is not available, however, to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).

Although the Sixth Circuit in *Wilson* permitted COVID-19 cases to proceed under § 2241, the relief was specific to COVID-19 claims in light of the global pandemic. The petitioners in that case argued that the very nature of COVID-19 was such that there were "no mitigation efforts that Elkton could undertake that would prevent the risk of contraction—and possible later spread to the non-prison community—to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass." *Wilson*, 961 F.3d at 837-38. The court reasoned that where a petitioner's claims are such that no set of conditions would be constitutionally sufficient, the claim should be construed as challenging the fact or extent, rather than the conditions of the confinement. *Id.*; *see Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *cf. Terrell v. United States*, 564 F.3d 442, 446-48 (6th Cir. 2009). Plaintiff's claims of unsanitary conditions do not fall into this category as they can be corrected. Consequently, they cannot be brought in a habeas action.

Moreover, even if these claims could be pursued in habeas, Petitioner has not demonstrated exhaustion of administrative remedies. Before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the Petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id.* Here, the BOP is in the best position to address sanitation issues at the prison. Therefore, to the extent that Petitioner could bring his claims in a Habeas Petition, he first must exhaust his administrative remedies through the BOP.

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge